UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Momolu B. Stewart, )
)
  Plaintiff, )
)
v. ) Civil Action No. 10 1313
)
)
Ass't U.S. Attorney )
Albert A. Herring et al., )
)
  Defendants. )

FILED
AUG - 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915A. Under that statute, the Court is required to screen a prisoner's complaint and dismiss it if, among other grounds, the complaint fails to state a claim upon which relief can be granted.

Plaintiff is a District of Columbia prisoner at the Federal Correctional Center in Coleman, Florida. He sues the assistant United States attorney who prosecuted him and a Metropolitan Police Department crime scene investigator for allegedly conspiring to lie during his criminal trial about "a key piece of evidence – a bullet." Compl. at 5. Plaintiff seeks declaratory relief and monetary damages totaling $400 million.

Because by his own acknowledgment plaintiff's success on the merits of the complaint would necessarily invalidate his conviction, he cannot recover monetary damages without first establishing that the conviction has been invalidated by "revers[al] on direct appeal,

expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has made no such showing here. In addition, "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [] an action" for injunctive and declaratory relief because he has an available remedy in habeas. *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 808-10 (D.C. Cir. 1988)); *see LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (district court lacked subject matter jurisdiction over a declaratory judgment action where *habeas corpus* remedy was available in the location of plaintiff's custodian). Accordingly, the complaint will be dismissed. *See Stewart v. Assistant United States Attorney*, Civil Action No. 10-1014 (D.D.C., June 17, 2010) (dismissing under *Heck*). A separate Order accompanies this Memorandum Opinion.

Date: /s/ July 29, 2010

/s/
United States District Judge